### SHAHMOON et al. v. COMMISSIONER OF INTERNAL REVENUE.
#### No. 15, Docket 21614.

United States Court of Appeals Second Circuit.

Argued Nov. 6, 1950.

Decided Nov. 29, 1950.

1. 29 U.S.C.A. § 160(c).

2. 29 U.S.C.A. § 160(d).

Max Schiller and Jay O. Kramer, New York City, for petitioners.

Theron L. Caudle, Asst. Atty. Gen., Ellis N. Slack and I. Henry Kutz, Sp. Assts. to the Atty. Gen., for Respondents.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The petitioners are husband and wife residing in New Rochelle, New York. They filed their income tax return for 1944 claiming deduction for depreciation under Section 23($l$) of the Internal Revenue Act, 26 U.S.C.A.

The husband had acquired vacant land at Dalny and Ward Roads in Shanghai, China, during the year 1924. About 198 buildings, shops, and houses were erected on the property in 1925. He also acquired land and buildings in 1928 at Yates Road in Shanghai, China. He received rents from the properties prior to the Japanese invasion of Shanghai on December 8, 1941. Thereafter, the properties were taken over by the Japanese invading forces and during the taxable year 1944 he received no rents from them. They were not destroyed during the war and he again obtained possession in 1945 and began to receive some rents therefrom.

The Commissioner determined an income tax deficiency against the petitioners in the amount of $9,344.88, which was affirmed by the Tax Court. From its order the petitioners have appealed.

The questions raised by the appeal are:

1. Whether the Tax Court correctly construed Section 127 of the Internal Revenue Code, 26 U.S.C.A., as creating a conclusive presumption of complete loss of the property in 1941, in which year war was declared, thus extinguishing all basis for any depreciation deduction in 1944; or, whether Congress intended Section 127 merely to give the taxpayers an election to take the loss in 1941.

2. Whether Section 127, as thus construed by the Tax Court, would be constitutional, and whether that constitutional question is here properly in issue.

Section 127(a) (2) provides that: "Property within any country at war with the United States, or within an area under the control of any such country on the date war with such country was declared by the United States, shall be deemed to have been destroyed or seized on the date war with such country was declared by the United States."

Section 127(b) (1) provides that the amount of the loss because of property deemed to be destroyed or seized under the foregoing provisions "shall be determined with regard to any recoveries with respect thereto in the taxable year but without regard to any possibility of recovering such property * * * or of receiving any compensation (other than insurance or similar indemnity) on account of such property * * * in the taxable year or in any future taxable year."

In spite of the foregoing provisions, the taxpayers contend that they are entitled to depreciation for the year 1944 under ordinary rules. In support of this claim they argue that Section 127 was merely intended to relieve taxpayers of the burden of proving the loss of property coming under enemy control and that they will be bound by its terms only when they elect to be so bound. This contention seems to be answered by subsection (c) of Section 127, which provides in certain situations for a tax upon the recovery of the property, and makes explicit reference to cases

when a war loss is not claimed by the taxpayer, or, to use the words of the statute itself, to cases when the war loss is merely "allowable." The scheme of Section 127(c) is further elaborated in Section 127(d), which provides a new basis for the property upon its recovery, again making explicit reference in the same way to situations where a war loss was not claimed by the taxpayer. It is clear from the sections we have referred to that a taxpayer's property is deprived of its basis in the year it is "deemed" lost, whether or not he claims a loss. Accordingly no basis for depreciation can exist until the taxpayer recovers back his property, an event which in the case before us concededly had not occurred by 1944. Although the statute nowhere in terms forbids the use of depreciation, we think that in the event of a war loss the employment of depreciation before recovery would be wholly inconsistent with the treatment of recoveries under Sections 127 (c) and 127 (d). It may be that in enacting Section 127 Congress had primarily in view relief of the taxpayer from the burden he was then under of proving irrevocable loss of his property. Nevertheless, it chose to set up a comprehensive system for dealing with war losses, perhaps in part for reasons of simplicity and administrative efficiency, which seems wholly inconsistent with the allowance of depreciation prior to recovery of lost property.

 The second question raised on this appeal is whether Section 127, as construed by the Tax Court, involves an unconstitutional exercise of legislative power because it might in certain circumstances impose a tax on the appreciation of capital assets, an event which taxpayers claim cannot give rise to taxable income. This objection was not raised before the Tax Court and cannot be regarded as in issue before us now, since the present case does not involve the question whether, and to what extent, the property might have been taxable when recovered in 1945. As we construe the statute it merely requires the taxpayers to take any deduction they may seek by way of a war loss, and not by way of depreciation. Even were the issue before us the return to the taxpayers in 1945 of property in territory which passed under the control of the enemy in 1941 would not, in our opinion, present the kind of augmentation of assets which is found where they merely appreciate in value between different dates. Without meaning to suggest that we think taxation of appreciation would ever be unconstitutional, we do not see how taxation of such a windfall as the taxpayers received when the Japanese ceased to claim their property in 1945 could be regarded as beyond the power of Congress.

The order of the Tax Court is affirmed.